IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01361-REB-KMT

JAYSON A. PREBLE,

    Plaintiff,

v.

KEVIN MILYARD, Warden, SCF,
C. SOARES, Associate Warden, SCF,
Health Services Administrator, (Name Unknown), SCF,
BARRY PARDUS, Assistant Director of Clinical Services, DOC,
(Name Unknown), Chief Medical Officer, DOC,
PAULA J. (Last Name Unknown), Physician, SCF,
J.G. FORTUNATO, Physician, SCF,
(Name Unknown), Psychiatrist, SCF,
J. REVORD, Major, SCF,
DENNY OWENS, Lieutenant, SCF,
J. GRAY, Health Services Administrator, KCCC,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendants violated Plaintiff's Fifth Amendment, Eighth Amendment, and Fourteenth Amendment rights. This matter is before the court on Plaintiff's "Motion for Preliminary Injunction" (Doc. No. 15) filed October 4, 2007; and "CDOC Defendants' Motion to Dismiss" (Doc. No. 23) filed November 5, 2007.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff Jayson A. Preble has named as Defendants Kevin Milyard, Warden of Sterling Correctional Facility ("SCF"); C. Soares, Associate Warden of SCF; the Health Services Administrator ("HSA") at SCF; Barry Pardus, Assistant Director of Clinical Services for the Department of Corrections ("DOC"); the Chief Medical Officer ("CMO") for the DOC; Paula J. (last name unknown), an SCF physician; J.G. Fortunato, an SCF physician; an SCF psychiatrist; Major J. Revord, an SCF correctional officer; Lieutenant Denny Owens, an SCF correctional officer; and J. Gray, Health Services Administrator at Kit Carson Correctional Center ("KCCC"). (Prisoner Compl. at 3–5 [hereinafter "Compl."] [filed June 28, 2007].)

In Claim One, Plaintiff asserts violations of the Eighth and Fourteenth Amendments. (*Id.* at 8.) Plaintiff states in 1989 he underwent surgery for a broken leg and was provided with a corrective shoe to compensate for a shortened leg to prevent an increasingly debilitating condition. (*Id.*) Plaintiff alleges in November 1997, upon his entry into the DOC, the corrective shoe was removed and never returned or replaced. (*Id.*) Plaintiff asserts the removal of the corrective shoe resulted in injury. (*Id.*) Plaintiff alleges at SCF he sees other inmates wearing orthopedic shoes. (*Id.* at 9.) Plaintiff states he consulted with medical staff at SCF regarding the continual deterioration of his health. (*Id.*) He asserts Defendant Fortunato avoided the issue entirely, constituting a reckless and callous indifference to his chronic condition. (*Id.*) Plaintiff also alleges Defendant Paula J. (last name unknown) also chose to deny and delay treatment,

which caused him further injury. (*Id.* at 10.) Plaintiff states Defendant Revord refused to follow a medical order for a work boot, causing Plaintiff further injury. (*Id.* at 10-11.) Plaintiff further claims the HSA was aware of Plaintiff's visits to medical and of the subsequent grievances filed by Plaintiff. (*Id.* at 11.) He states the HSA "permitted a policy or custom allowing or encouraging the acts, and was grossly negligent in managing the people. . . ." (*Id.*) Plaintiff states liability also attaches to Defendant Pardus and the CMO, as they sit on the Quality Management Program Committee, making them responsible and intimately aware of Plaintiff's situation. (*Id.*) Finally, Plaintiff states Defendant J. Gray has refused to enforce medical orders issued by the medical staff, amounting to deliberate indifference and malice and causing further injury to his foot and knee. (*Id.* at 11-12.)

In Claim Two, Plaintiff asserts violations of the Eighth and Fourteenth Amendments. (*Id.* at 13.) Plaintiff states he has a mental and physical disability, parauresis, that prevents him from urinating and defecating in public. (*Id.*) Plaintiff states in 2001 at SCF, he was ordered to submit to a urinalysis for drug testing and, after informing the test giver of his disorder, was given an alternate method to take the test. (*Id.*) Plaintiff assert in May 2006, he was again ordered to submit to a drug test at SCF, and when he was unable to urinate he was written up for refusal to submit because he was not given an alternate method of testing. (*Id.*) Plaintiff states the stress of this event caused an episode of hives/eczema. (*Id.*) Plaintiff further alleges being forced to live in a double cell, locked down for long periods of time, has contributed to his prostate being swollen, as he is unable to void in front of others. (*Id.*) Plaintiff alleges medical staff were aware of his condition, and he wrote a letter to Defendant Milyard, stating his

3

problems. (*Id.*) Plaintiff states Defendant Milyard provided for a "medical staffing" in which Defendant Owens, the HSA defendant, the unknown psychiatrist defendant, and another unknown physician were present. (*Id.*) Plaintiff asserts he related his medical history and, in the end, was denied alternate testing. (*Id.*) Plaintiff states the medical providers at the staffing ignored a serious medical need, constituting deliberate indifference. (*Id.* at 15.)

In Claim Three, Plaintiff again asserts violations of the Fifth, Eighth and Fourteenth Amendments. (*Id.* at 16.) Plaintiff states on February 2, 2007, he was placed in segregation for investigation and fired from his job, the decision being made by Defendant Milyard. (*Id.*) Plaintiff appears to assert he was deprived of a liberty interest, property, and due process. (*Id.*) Plaintiff contends he suffered damage to his reputation. (*Id.*) Plaintiff further asserts that on February 16, 2007, he was released from segregation and several days later was placed in the Population Management Pod, a disciplinary classification. (*Id.*) Plaintiff asserts "this process was abused by defendant C. Soares." (*Id.*) Plaintiff asserts he was placed in a double-cell with another inmate in lockdown for twenty-one hours per day, even though Defendants knew of Plaintiff's parauresis. (*Id.*) Plaintiff states he was deprived of due process with deliberate indifference to his disability. (*Id.* at 16-17.) Plaintiff alleges he has been deprived of the basic human need of urinating and defecating outside the presence of others in violation of the Eighth Amendment. (*Id.* at 17.) Plaintiff seeks injunctive relief and money damages. (*Id.* at 21.)

Defendants have moved to dismiss Plaintiff's Complaint on the bases that (1) Defendants are qualified to Eleventh Amendment immunity in their official capacities; (2) the Complaint fails to allege personal participation by several of the DOC defendants; (3) Plaintiff has failed to

4

state a Fifth Amendment Claim; (4) Plaintiff has failed to state and Eighth Amendment deliberate indifference claim; (5) the Complaint fails to state a conditions-of-confinement claim; (6) the Complaint fails to state a due process claim; (6) the Complaint fails to state a viable Equal Protection claim; (7) the Complaint fails to state a cognizable ADA claim; (8) and the DOC defendants are entitled to qualified immunity.

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on June 28, 2007. (Compl.) Defendants filed their motion to dismiss on November 5, 2007. (Mot.) Plaintiff filed his reply on December 10, 2007. (Resp. to Defs. Mot. to Dismiss [hereinafter "Reply"].) Plaintiff also filed a motion for preliminary injunction. (Mot. for Prelim. Inj. [filed October 4, 2007].) Defendants' response was filed November 5, 2007. (Resp. to Pl.'s Mot. for Prelim. Inj.) These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Jayson A. Preble is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.

1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

2. *Fed. R. Civ. P. 12(b)(1)*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2007). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

3.  **Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the

court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

1. *Eleventh Amendment Immunity*

To the extent Plaintiff is suing Defendants in their official capacities, Defendants claim they are immune. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). It cannot be

disputed that Defendants are state officials. Accordingly, Plaintiff's official capacity claims for damages should be dismissed with prejudice.

## 2. *Personal Participation*

Defendants assert that Defendant Pardus and Defendant Milyard are not liable in their supervisory capacities[1]. (Mot. at 5.) Defendants also assert that Defendants Frantz and Fortunato did not personally participate in any unconstitutional conduct. (*Id.*)

*Alvarado* provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

---

[1] Although Defendants have moved to dismiss for lack of personal participation by only Defendants Pardus, Milyard, Frantz, and Fortunato, this court addresses this argument as to all Defendants, even those not served.

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

"A defendant cannot be liable under a respondeat superior theory in a section 1983 case." *Raile v. Ortiz*, No. 05-1345, 2006 WL 991102, at *2 (10th Cir. Apr. 17, 2006) (citing *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983)). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisor status insufficient by itself to support liability under section 1983; rather, personal participation of defendant is essential). In addition, a denial of grievances alone is insufficient to establish personal participation in an alleged constitutional violations. *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. 2007) (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)).

As to Defendants Revord, Fortunato and Frantz[2], nothing in the Complaint indicates any action or omission beyond their denial of Plaintiff's grievance regarding being provided with an orthopedic shoe. Therefore, Plaintiff has failed to allege personal participation by Defendants Fortunato and Frantz, and the claims against them are properly dismissed. *Larson*, 240 Fed. Appx. at 780.

Regarding Defendants Pardus, the CMO, and the SCF HSA, Plaintiff's only allegation is that in their "supervisory role[s]" and because they "sit on the Quality Management Program Committee," they are "responsible and intimately aware" of Plaintiff's medical history and the grievances related thereto. (Compl. at 11.) Plaintiff also asserts Defendant Revord, "as the

---

[2]Defendant Frantz is named as Defendant Paula J. (last name unknown) in the caption of the Complaint.

authority over laundry," contributed to his injury by refusing to give him a wide boot.  (*Id.* at 10.) In addition, as to Defendant J. Gray, Plaintiff asserts that as the HSA at KCCC, she refused to enforce medical orders, causing him further injury.  (Compl. at 11-12.)  Plaintiff asserts that Defendant Milyard, "as Warden, and direct supervisor is culpable. . . ."  (Compl. at 16.)  All of these allegations are made against these defendants in their supervisory capacities only.  There are no allegations that any of these defendants were directly involved in any of the constitutional claims asserted by Plaintiff.  As a defendant cannot be liable in his or her supervisory role in a § 1983 case, Defendant Milyard, Defendant Pardus; Defendant Health Services Administrator, (Name Unknown), SCF; Defendant (Name Unknown), Chief Medical Officer, DOC; Defendant Revord; and Defendant J. Gray, HSA at SCCC, are properly dismissed.  *Raile*, No. 05-1345, 2006 WL 991102, at *2.

Regarding Defendant Psychiatrist (Name Unknown), the only allegations is that he or she was present at the "staffing" during which Plaintiff's drug testing procedures were discussed.  (Compl. at 14.)  In Claim Three, the only reference to Defendant Soares, Plaintiff states he was placed in a disciplinary classification on February 22, 2007, and that "[t]his process was abused by defendant C. Soares."  (Compl. at 16.)  Plaintiff has failed to explain what these defendants did to him, when the defendants did it, how the defendants' action harmed him, and what specific legal right the plaintiff believes the defendant violated.  *Nasious*, 492 F.3d 1158, 1163.  Plaintiff has failed to assert an affirmative link between the alleged constitutional violations and these defendants' participation, control or direction, or failure to supervise.  *See Butler*, 992 F.2d at 1055.  Therefore, the unknown psychiatrist and Defendant Soares are properly dismissed.

Plaintiff's only allegation against Defendant Owens, the Drug Screening Coordinator who attended the "staffing" during which drug testing procedures were discussed, is that Defendant Owens stated "it was his decision, <u>absent this staffing</u>, to refuse alternate testing." (Compl. at 14.) (emphasis added.) However, Plaintiff's claims relate to the alleged failure of the SCF staff to provide an alternate method of testing <u>after</u> the "staffing." (Compl. at 14–15.) This alleged statement by Defendant Owens clearly infers that his role in refusing an alternate method of testing was limited by the occurrence of the "staffing." Therefore, Plaintiff has failed to assert an affirmative link between the alleged constitutional violations and this defendant's participation, control or direction, or failure to supervise, and the claims against Defendant Owens are properly dismissed. *See Butler* at 1055.

Accordingly, all claims against all defendants are properly dismissed for lack of personal participation, and this court recommends that Defendants' motion to dismiss be granted.

5.      *Plaintiff's Motion for Preliminary Injunction*

Plaintiff moves a preliminary injunction "relieving him from the direct oversight and management, in effect, the abuses of the Defendants." (Mot. Prelim. Inj. at 3.) A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

This court has recommended that Defendants' motion to dismiss be granted. Therefore, there is not a substantial likelihood Plaintiff ultimately will prevail on the merits, one of the requirements for preliminary injunction. *ACLU*, 194 F.3d at 1155. Accordingly, Plaintiff's motion for preliminary injunction is properly denied at this time.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that:

1. "CDOC Defendants' Motion to Dismiss" (Doc. No. 23) " be GRANTED and this case be dismissed in its entirety; and

2. Plaintiff's "Motion for Preliminary Injunction" (Doc. No. 15) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of August, 2008.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge