IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01361-REB-KMT

JAYSON A. PREBLE,

    Plaintiff,

v.

KEVIN MILYARD, Warden, SCF,
C. SOARES, Associate Warden, SCF,
(NAME UNKNOWN), Health Services Administrator, SCF,
BARRY PARDUS, Assistant Director Clinical Services, DOC,
(NAME UNKNOWN), Chief Medical Officer, DOC.
PAULA J. (LAST NAME UNKNOWN), Physician, SCF,
J.G. FORTUNATO, Physician, SCF,
(NAME UNKNOWN) Psychiatrist, SCF,
J. REVORD, Major, SCF,
DENNY OWENS, Lieutenant, SCF, and
J. GRAY, Health Services, Administrator, KCCC,

    Defendants.

## ORDER ADOPTING IN PART RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#35], filed August 20, 2007. No objections having been filed to the recommendation, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[1] Finding no such error in the magistrate judge's recommended disposition of defendants' motion to dismiss, I find and conclude that the recommendation should be approved and

---

[1] This standard pertains even though plaintiff is proceeding *pro se*. *Morales-Fernandez*, 418 F.3d at 1122.

adopted insofar as it suggests that defendants' motion to dismiss be granted as to plaintiff's claims for damages against defendants in their official capacities and as to all his claims against them in their individual capacities.[2]

However, unlike plaintiff's claims for damages, a claim for prospective injunctive relief generally is not barred by the Eleventh Amendment. **See Ex parte Young**, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); **Ellis v. University of Kansas Medical Center**, 163 F.3d 1186, 1196 (10th Cir. 1998). Moreover, a request for injunctive relief against a state official is necessarily a claim against the office the official holds, not against him or her as an individual. **See, e.g.**, **Ameritech Corp. v. McCann**, 297 F.2d 582, 586-87 (7th Cir. 2002); **Feit v. Ward**, 886 F.2d 848, 858 (7th Cir. 1989); **Hatfill v. Gonzales**, 519 F.Supp.2d 13, 19-27 (D.D.C. 2007). In other words, such claim must be an official capacity claim. The magistrate judge's recommendation that plaintiff's motion for preliminary injunction be denied, however, relies on the infirmity of plaintiff's *individual* capacity claims in concluding that plaintiff cannot show a likelihood of success on the merits. The basis for that suggestion – that the complaint fails to allege personal participation on the part of defendants – is irrelevant in an official capacity suit seeking prospective injunctive relief. **See Spiess v. Fricke**, 386 F.Supp.2d 1178, 1191 (D. Kan. 2005).

---

[2] I further agree with the magistrate judge that even though only some of the defendants moved to dismiss, the patent inadequacy of plaintiff's complaint to state viable claims makes dismissal of all such claims as to all named defendants as a matter of law appropriate. **See Murray v. Oklahoma**, 2008 WL 740338 at *9 n.7 (W.D. Okla. Mar. 17, 2008) (noting that "[i]t would serve no purpose for a plaintiff to complete service upon an unserved defendant, solely to allow dismissal with prejudice for failure to state a claim") (citations and internal quotation marks omitted).

Nevertheless, the motion for preliminary injunction must be denied, and plaintiff's claim for injunctive relief dismissed in any event because, as expatiated in the motion to dismiss, the complaint fails to state any cognizable underlying violation of plaintiff's constitutional rights in the first instance. Plaintiff seeks an injunction "ordering defendants responsible for drug screening to cease forcing me to submit to only one form of testing, namely urinalysis; also, for defendants responsible for housing to cease housing me in a lock-down situation in a double cell." (**Complaint** at 21 [#3], filed June 28, 2007.) He asserts that defendants' refusal to accommodate his medical condition[3] violates his rights under the Eighth and Fourteenth Amendments.[4]

With respect to the Eighth Amendment claim, plaintiff cannot establish that defendants were deliberately indifferent to his serious medical needs. The complaint acknowledges that after being informed of plaintiff's condition, defendants arranged for a "medical staffing" to address plaintiff's concerns. That defendants ultimately were unpersuaded that plaintiff was entitled to the accommodations he sought does not demonstrate indifference to his concerns. Nor has plaintiff stated a viable Eighth Amendment claim regarding the conditions of his confinement. There clearly is no constitutional right to a single cell, ***Rhodes v. Chapman***, 452 U.S. 337, 347, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981), and the ability to undergo drug testing that does not require provision of a urine sample cannot be considered one of the "core areas" of

---

[3] Plaintiff suffers from parauresis, which prevents him from urinating or defecating in front of others.

[4] Although the complaint also purports to assert claims under the Fifth Amendment, that provision is inapplicable in this lawsuit against state officials. Plaintiff's claims arise, if at all, under the Fourteenth Amendment. ***Ward v. Anderson***, 494 F.3d 929, 932 n.3 (10th Cir. 2007).

3

prison life that merit constitutional protection, see *Ramos v. Lamm*, 639 F.2d 559, 566-72 (10th Cir. 1980), *cert. denied*, 101 S.Ct. 1759 (1981).

With respect to his Fourteenth Amendment claims, plaintiff cannot show a protectible due process interest in any particular housing arrangement while in prison. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)). Assuming *arguendo* that he has any protectible interest in being permitted to undergo alternative forms of drug testing, a proposition that is not at all clear, the fact that defendants convened a medical staffing to address his concerns clearly demonstrates that plaintiff was not denied due process in this regard.[5] Finally, plaintiff's allegations are insufficient to assert violations of his Fourteenth Amendment equal protection rights, since the gravamen of plaintiff's complaint is that he was denied a variance from normal testing and housing standards. *See Ross v. Moffitt*, 417 U.S. 600, 609, 94 S.Ct. 2437, 2443, 41 L.Ed.2d 341 (1974) ("'Equal protection' . . . emphasizes disparity in treatment by a State between classes of individuals[.]"). A request for special treatment is not the stuff of an equal protection claim.

For these reasons, I find and conclude that plaintiff does not have a likelihood of success on the merits of his underlying claims. As such is a prerequisite to injunctive relief, the motion for a preliminary injunction will be denied. Moreover, I will dismiss

---

[5] Plaintiff makes no allegation that implicates the substantive due process prong of the Fourteenth Amendment. Moreover, the facts alleged in his complaint do not so "shock the conscience" as to give rise to a putative violation of that aspect of the Due Process Clause. *See Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 126, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992)), *cert. denied*, 116 S.Ct. 924 (1996).

plaintiff's claims for injunctive relief against defendants in their official capacities for failure to state claims on which relief may be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#35], filed August 20, 2008, is **APPROVED AND ADOPTED** in part as an order of this court insofar as it recommends dismissal of plaintiff's claims for damages against defendants in their official capacities and plaintiff's claims against defendants in their individual capacities;

2. That the **CDOC Defendants' Motion To Dismiss** [#23], filed November 5, 2007, is **GRANTED**;

3. That plaintiff's **Motion for Preliminary Injunction** [#15], filed October 4, 2007, is **DENIED**;

4. That plaintiff's claims for monetary and injunctive relief against defendants in their official and individual capacities are **DISMISSED WITH PREJUDICE**;

5. That judgment **SHALL ENTER** on behalf of defendants, Kevin Milyard, Warden SCF, C. Soares, Associate Warden, SCF, Health Services Administrator (Name Unknown), SCF, Barry Pardus, Assistant Director of Clinical Services, DOC, (Name Unknown), Chief Medical Officer, DOC, Paula J. (Last Name Unknown), Physician, SCF, J.G. Fortunato, Physician, SCF, (Name Unknown), Psychiatrist, SCF, J. Revord, Major, SCF, Denny Owens, Lieutenant, SCF, and J. Gray, Health Services Administrator, KCCC, and against plaintiff, Jayson A. Preble, as to all claims and causes of action asserted herein; and

6. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 22, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**